**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES ARCHIBALD AND**<br>**TAMMIE ARCHIBALD** | **CIVIL ACTION NO.** _____ |
| | |
| **VERSUS** | **DISTRICT COURT JUDGE:** |
| | **MAGISTRATE JUDGE:** |
| **GARY GILLEY, SHERIFF OF RICHLAND**<br>**PARISH, JOEL WEATHERLY, WARDEN OF**<br>**RICHLAND PARISH DETENTION CENTER,**<br>**ADVANCED CORRECTIONAL HEALTHCARE,**<br>**INC., and JACOB MOONEY** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

Defendants, Sheriff Gary Gilley, Joel Weatherly, and Jacob Mooney hereby file notice pursuant to 28 U.S.C. § 1441, *et seq.*, of removal of the civil action filed James Archibald and Tammie Archibald, individually and on behalf of decedent Samuel Archibald, from the Fifth Judicial District Court in and for the Parish of Richland, State of Louisiana, to the Western District Court for the Western District of Louisiana.

1.

A civil action bearing the caption "*James Archibald and Tammie Archibald v. Gary Gilley, Sheriff of Richland Parish, Joel Weatherly, Warden of Richland Parish Detention Center, Advanced Correctional Healthcare, Inc., and Jacob Mooney*" Civil Action Number 49147, Division A, commenced on May 19, 2023, in the 5th Judicial District Court for the Parish of Richland, State of Louisiana, and that action is now pending in Richland Parish.[1]

---

[1] See Exhibit A, *in globo,* pages 1-12.

2.

In their lawsuit styled "*James Archibald and Tammie Archibald v. Gary Gilley, Sheriff of Richland Parish, Joel Weatherly, Warden of Richland Parish Detention Center, Advanced Correctional Healthcare, Inc., and Jacob Mooney*" Plaintiffs allege that on July 15, 2022, Samuel Archibald ("Decedent") was located at the home of his purported father, James Archibald, while exhibiting signs of being under the influence of drugs.[2]  A Richland Parish Sheriff's Office Deputy was allegedly dispatched to James Archibald's home and observed Decedent was unconscious.[3] The deputy allegedly asked James Archibald if he wished to press charges against Decedent and have him arrested.[4]  James Archibald allegedly declined to do so and told the deputy there was no need for any further assistance "by the sheriff or his deputies."[5]

As the deputy was leaving James Archibald's home, a family member named Charles McDonald allegedly arrived at the home, picked up Decedent, carried him out of the home, and placed him on the ground.[6]  Defendant Deputy Jacob Mooney then allegedly arrested decedent while he was unconscious and took him into custody.[7]  Decedent was allegedly transported to Richland Parish Detention Center without having first received medical care.[8]  On or about July 16, 2022, Decedent allegedly died while in custody at the Richland Parish Detention Center due to "respiratory failure acute combined with fentanyl methamphetamine and methadone intoxication."[9]

---

[2] *Id.,* page 2, ¶ 6.
[3] *Id.,* ¶ 7.
[4] *Id.*
[5] *Id.*
[6] *Id.,* ¶ 8.
[7] *Id.*
[8] *Id.,* page 3, ¶ 9.
[9] *Id.,* page 4, ¶¶ 15-16.

3.

James Archibald and Tammie Archibald ("Plaintiffs") have sued Sheriff Gary Gilley, Warden Joel Weatherly, and Jacob Mooney for an alleged failure to provide Decedent with medical care in violation of the Eighth Amendment of the United States Constitution.[10]   Although not expressly pled by Plaintiffs, this action clearly arises under 42 U.S.C. § 1983.   Plaintiffs have also sued Defendants under Louisiana state law theories of negligence and *respondeat superior*.[11] Advanced Correctional Healthcare, Inc. has also been named as a party and has been served in this matter for purportedly having provided healthcare services to those incarcerated at Richland Parish Detention Center; however, this is a false assertion as Advanced Correctional Healthcare, Inc. has never provided such services to inmates of Richland Parish Detention Center.

4.

Plaintiffs specifically request relief pursuant to the Eighth Amendment to the United States Constitution for the complained of and alleged acts.[12]   Plaintiffs have also alleged Defendants acted with deliberate indifference to Decedent's alleged medical needs.[13]

5.

This civil action is one in which the United States District Court for the Western District of Louisiana unquestionably has jurisdiction by virtue of 28 U.S.C. §§ 1331 and 1343 and, also, because Plaintiffs' claims flow from the Eighth Amendment to the United States Constitution. Plaintiffs appear to have also asserted claims arising under Louisiana Code of Civil Procedure articles 2315, 2315.1, 2315.2, and 2320.   Jurisdiction over those claims arises out of 28 U.S.C. § 1367.

---

[10] *Id.*, pages 3-4, ¶¶ 10-13.
[11] *Id.*, pages 4, ¶ 14 and 5, ¶ 19, respectively.
[12] *Id*, pages 3-4, ¶¶ 10 & 13, respectively.
[13] *Id.*, page 3, ¶¶ 9 & 12; page 4, ¶ 13; page 5, ¶ 23

6.

Despite not explicitly pled, Plaintiffs' federal claims arise under 42 U.S.C. § 1983. Section

1983 does not create substantive rights but is a procedural rule that provides a private cause of

action for redressing a violation of federal law. *S.W. Bell Telephone Co., LP v. City of Houston*,

529 F.3d 257, 260 (5th Cir. 2008). Therefore, an underlying constitutional or statutory violation

is a predicate to any theory of liability under § 1983. *Johnston v. Harris County Flood Control*

*Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989). A constitutional tort arising under 42 U.S.C. § 1983

is removable because it is a civil action founded upon claims under the Constitution and/or laws

of the United States. *Quinn v. Guerrero*, 863 F.3d 353, 358-59 (5th Cir. 2017), *cert. denied*, 138

S.Ct. 682, 199 L.Ed.2d 537 (2018).

7.

Venue of this removed action is proper in this Honorable Court because the parish from

which the state court action has been removed belongs to and/or forms part of the United States

District Court for the Western District of Louisiana. *See* 28 U.S.C. § 1441(a); and 28 U.S.C. §

1443.

8.

This Notice of Removal has been filed within thirty (30) days of service of the Plaintiffs'

*Petition for Damages*. More specifically, Sheriff Gary Gilley, Warden Joel Weatherly, and Jacob

Mooney were served on May 22, 2023.[14] Advanced Correctional Healthcare, Inc. was served on

May 26, 2023.[15] Therefore, this Notice of Removal is timely.

---

[14] *Id*, pages 9-11.
[15] *Id.*, page 12.

4

9.

By filing this Notice of Removal, Sheriff Gary Gilley, Warden Joel Weatherly, and Jacob

Mooney expressly consent to removal of Plaintiffs' action to federal court.[16]  Further, Advanced

Correctional Healthcare, Inc., expressly consents to removal of this action by way of its own

Consent to Removal.[17]

10.

All process, pleadings, and orders filed in the state court action are collectively attached

hereto as Exhibit A, *in globo.*  Undersigned counsel certifies that, per the 5th JDC Clerk of Court,

this comprises the complete state court record as of the date and time of this filing.

11.

In keeping with the requirements of 28 U.S.C. § 1446(d), Sheriff Gary Gilley, Warden Joel

Weatherly, and Jacob Gilley have this day given and served written notice of this removal to

Plaintiffs by mailing a copy of this pleading and all attachments to Plaintiffs' counsel of record,

Vincent DeSalvo and Andretta Breaux-Atkins.  Defendants have also served written notice of this

removal upon Advanced Correctional Healthcare, Inc. through Jessica Young.

12.

Undersigned counsel also certifies that a Notice of Filing Notice of Removal (attached

hereto as Exhibit "D"), along with a copy of this Notice of Removal and all accompanying exhibits,

has contemporaneously been filed with the Fifth Judicial District Court for the Parish of Richland,

State of Louisiana, as required by 28 U.S.C. § 1446(d).

---

[16] See Exhibit B.
[17] See Exhibit C.

13.

In further accordance with the requirements of 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 11, undersigned counsel states that the representations made in this Notice of Removal are well-grounded in fact, are warranted by existing law, and that this matter is within this Court's jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, and 28 U.S.C. 1441, *et seq.*

**WHEREFORE**, Sheriff Gary Gilley, Warden Joel Weatherly, and Jacob Mooney submit that this Notice of Removal should be looked upon favorably by this Honorable Court and that the aforementioned action, "*James Archibald and Tammie Archibald v. Gary Gilley, Sheriff of Richland Parish, Joel Weatherly, Warden of Richland Parish Detention Center, Advanced Correctional Healthcare, Inc., and Jacob Mooney*" Civil Action Number 49147, Division A, in and for the Fifth Judicial District Court for the Parish of Richland, State of Louisiana, be removed from that court to the United States District Court for the Western District of Louisiana, and that this Honorable Court have and assume full and complete jurisdiction thereof, issue all necessary orders, and grant all general and equitable relief to which the Defendants might be entitled, and that all further proceedings in the state court be discontinued.

**SIGNATURE BLOCK ON NEXT PAGE**

Respectfully submitted,

FROSCH, RODRIGUE, ARCURI LLC

_____

BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel:  (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR SHERIFF GARY GILLEY,
JACOB MOONEY, AND JOEL WEATHERLY
Email: barcuri@fralawfirm.com
        lrodrigue@fralawfirm.com
        jwixom@fralawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2023, a copy of the foregoing was sent to all counsel of record by electronic mail and United States Mail, properly addressed and postage pre-paid.

_____
JASON P. WIXOM

7